Please be seated. Good morning, everyone. We are happy to be sitting here in Alaska this week. The cases will be called in the order listed on the docket. The first case, Conniag v. Conam, has been submitted on the briefs. The first case on calendar for argument is Mujahid v. Miller. Thank you. May it please the Court, John Ballas, on behalf of Petitioner Sabil Mujahid. I'm intending to reserve two minutes for rebuttal. Thank you. This is an appeal from the dismissal of a 2241 habeas petition for lack of jurisdiction. Petitioner Mujahid was then a federal inmate being housed at the Anchorage Correctional that resulted in him being put in disciplinary segregation on the grounds that they did not follow the applicable federal regulations. Mujahid did not lose any good time credit, but he seeks expungement of the disciplinary records from the complex as well as injunctive release to require them to follow the federal regulations. So, counsel, the fact that there were no good time credits involved, how does that impact the ability to file a habeas claim? Well, our position is that he still retains the right to file a habeas claim, and this type of action would be available in either a habeas or a Section 1983 action, and I base that argument on two things. One, the statute, the language of the statute, Section 2241.3, provides for a habeas relief for anyone in custody in violation of the Constitution or laws of the treaties of the United States as well as the Court's case law, Bostic v. Carlson, as well as the more recent Nettles v. Ground. Well, I guess I'm not quite clear. He served the time in segregation that he was supposed to serve, right? So how is he hurt now by this thing on his record? Well, he is not alleged, and it's my understanding that it does not affect his custody level in the federal prison where he's at now. And it doesn't affect the length of his term? And it doesn't affect the length of his term. So then I don't understand how you say Nettles or Santos or Boston or any of those, Bostic, any of those cases support your ability to bring this under a habeas action? Our position is that at the time he filed the petition, there was, the Court had jurisdiction because he was challenging pending proceedings that were leading towards him being put in segregation. And they are no longer, it's not mooted, even though he's already served the time under the doctrine of capable of repetition but evading review. Is there any reasonable expectation that Mr. Muhaid will be returned to the Anchorage Correctional Center? Well, I am representing him on appeal on his underlying criminal action. It's still pending in this Court. The Court took it under submission pending the Enbank decision in Zepeda that came out last month, and we're waiting for that decision. But that still doesn't help you on the habeas action. Well, I think our position is it would under like Mitchell v. Dupnick, which was a Section 1983 action, but I think the same principles apply. In that case, he challenged, the petitioner challenged pretrial detention procedures and then was moved from that jail. The District Court had ruled that because he had a new trial motion pending, it was sufficient to satisfy the claim. But I guess it's not clear. I mean, that's arguing under 1983. And I'm still not quite sure even if you could bring this or are bringing a 1983, which I'm not clear from your papers that you are, but that somehow the District Court should be able to So he, Mr. Mujahid filed it as a 2241 action. And the Court dismissed it under Section 22, as a 2241 habeas petition. We're asking that if the Court rules that we lack jurisdiction over the habeas petition, that the Court remand it to to determine whether the District Court can construe it as a proper Section 1983 action. Well, who have you sued? The same warden of the Anchorage Correctional Complex. And I believe it's Well, let me make sure. I want to make sure I understand. So your claim, even though there's, he served his time and he's in federal custody, he's in the federal prison now. But your claim is that if he were to go back to the Anchorage jail, what would happen to him? That he would be, well, he would, that they would probably have the same IDR regulations. He seems to get in trouble a lot and he would be likely to get involved in these same types of orders, telling him not to talk to other inmates. And that the Anchorage Correctional Complex is not, they don't consider themselves to be required to follow the Bureau of Prisons regulations. That he is stating that they're required to, that's our position, that they're required to follow that before they impose disciplinary segregation. And Jed Mugia, you asked for the authority of construing it as a 2241 petition. I believe it's the Green Hill case, which is unpublished, that's cited in the briefs. But I believe at the end of that opinion, there was some discussion about construing it as a 2241 petition. And do you concede, though, that the length of Mr. Mujahid's prison or sentence or time was not in any way lengthened? No, I concede that. I can't, there's no way, I can't, I've looked at it a number of ways. It's not affecting his, the length of his tension. They didn't take away any good time credits. So you do concede that? Yes. Okay. And so with respect to the nature of his confinement and the restrictiveness of it, do you acknowledge that he's no longer in that confined state? Yes, he's no longer at the Anchorage Correctional Complex under that situation. He actually is now in the Florence Ad Max that presents similar issues. And I believe he is probably, I believe he's in the process of litigating that. But that is entirely separate from the action here. I'm going to reserve my remaining time. Just before you do that, can I ask you, are you relying on Green Hill versus Lappin? That's your 2241, 2241 action is available to your client. Is that your strongest case? I believe so. But I may, when I sit back here, see if I can come up with something else. But that's the one that I remember that construed it as a 2241 petition. Or there was some discussion about that, I believe. So you realize that we are not bound by an unpublished decision? That's true. Okay. All right. Thank you. May it please the Court, Brian Wilson on behalf of the United States, welcome to Alaska. Thank you. The Court hit the nail on the head here is that nothing has changed with regard to Mr. Mujahid's status as a VOP prisoner. His custody classification is the same and his length of properly decided that it did not have jurisdiction over a 2241 in this case. His claims do not lie at the core of habeas corpus. And I think the Prizer case and the Skinner case out of the U.S. Supreme Court and the Ramirez case out of the Ninth Circuit clearly state that these types of claims are not cognizable under a 2241 action. If y'all have any other questions, I'm happy to answer them. Well, I do. Okay. I guess, is there any way for him to appeal this type of segregation if not under habeas? He has, if there's the potential for some type of 1983 action or a Bivens-type state action that he could file. Or he could go through the, right now, he could go through the standard BOP administrative procedure and say, gee, if I'm ever back there, you all need to instruct them about the conditions of my confinement. But frankly, the conditions of his confinement aren't going to change much whether he's in administrative segregation or disciplinary segregation. When he hit the door at ACC because of the prior sexual assaults, he was under a lot of restrictions. He had to, he could do no group activities. He had to have solitary recreation, in-cell meals. The restrictions he faced simply because of those sexual assaults are virtually identical to any kind of restriction to get under disciplinary regulations. I'm just curious, you're here and the Anchorage Correctional Center is not. And the court dismissed this before the Anchorage Correctional Center was ever served. And so, I was asked to appear as amicus on behalf of the United States. Is this part of our pro bono program? Yes. Yes. So, what is your response to opposing counsel's suggestion that we remand this for the district court to consider it as a 1983 case? What I'd say there is I think, frankly, it's, in the vernacular, it's a waste of time. And this guy, the conditions he faced under this disciplinary segregation did not change at all compared to his administrative segregation that he was already facing. It's the same wing of the thing. Practically, it's the same jail cells that he's going to be in and the same restrictions. So that if we go back, we're just going to hear, first off, his conditions don't change. The second thing that's the problem that you all pointed out is we don't know that this guy's ever coming back here. We don't know that he's coming back. We don't know that his custody is going to What do you understand to be the circumstances in which he would come back? Well, if he wins his appeal, obviously, gets a new trial or something. If, for some reason, I think he has a number, this guy's very litigious. I think he has a number of 2255 type proceedings out there that could conceivably bring him back for an evidentiary hearing. But those would be the only ways he would get back here. All right. Thank you, counsel. Thank you very much. No further questions. We'll hear rebuttal. And counsel, on behalf of the court, we thank you for taking this case pro bono. Thank you. The only thing I wanted to mention is that I think there is language in Will Wording v. Swenson, a Supreme Court case at 404 U.S. 249, that supports the position that the court should construe it or allow the district court to construe it as a Section 1983 action. All right. Thank you, counsel. If he wins his appeal, he would have counsel at that time, is that correct? Yes. If it were to go back for a new trial, he would have counsel? Yes, he had counsel at the first trial. Kevin McCoy, who I think is now a magistrate judge here, but he was represented by counsel. I'm representing on the appeal, but I'm sure they'd give him new counsel when he gets here. But he would be out there at Anchorage Congressional Complex again. But he would be represented by counsel? Yes. All right. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the court. We thank the state for appearing to meet this.
judges: Rawlinson, Murguila, Schroeder